UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AMERISURE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:09-cv-866-WTL-DML |
| | ) | |
| CENTRAL STEEL ERECTORS, INC., et. al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

ENTRY ON MOTION TO DISMISS

Before the Court are Scottsdale Insurance Company's Motion to Dismiss (Docket No. 20) and Amerisure Insurance Company's Motion for Entry of Default and Default Judgment (Docket No. 36). The motions are fully briefed, and the Court, being duly advised, **GRANTS** the Defendant's motion and **DENIES AS MOOT** the Plaintiff's motion, for the reasons, and to the extent, set forth below.

I.  RULE 12(b)(1) STANDARD

In reviewing a motion to dismiss under Rule 12(b)(1), "the district court is not bound to accept as true the allegations of the complaint which tend to establish jurisdiction where a party properly raises a factual question concerning the jurisdiction of the district court to proceed with the action." *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979). Where a factual dispute regarding jurisdiction is raised, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* Absent a factual dispute regarding jurisdiction, the district court applies the same standard as is used when

reviewing a motion to dismiss under Rule 12(b)(6).  Under this standard the Court must take the

facts alleged in the complaint as true and draw all reasonable inferences in favor of the Plaintiff.

Under Rule 12(b)(6), the complaint must contain only "a short and plain statement of the claim

showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for

detailed factual allegations.  However, the statement must "give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be

enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499

F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## II.  BACKGROUND

This litigation stems from a funding agreement the parties entered into in order to settle a

state law action brought by an injured worker.  That worker, Brian Colip, was employed by

Central Steel Erectors, Inc. ("Central Steel") and was seriously injured when he fell thirty feet

through a hole in the roof of the building where he was working.  To settle Colip's personal

injury action, the following parties entered into a Settlement Funding Agreement:  Central Steel;

Central Steel's insurer, Scottsdale Insurance Co. ("Scottsdale"); Indiana Steel Fabricating, Inc.

("ISF"); ISF's commercial general liability insurer, Amerisure Insurance Co. ("Amerisure"); and

ISF's umbrella insurer, National Surety Corp. ("National Surety").  The funding agreement

provided that after Colip's action was settled and dismissed, the parties would file a declaratory

judgment action in this Court to determine each party's rights and obligations.  Accordingly, in

July 2009, Amerisure filed this suit and named Central Steel, Scottsdale, and National Surety as

Defendants.

### III.  DISCUSSION

In its motion to dismiss, Scottsdale argues that Central Steel should be dismissed because Central Steel is a defunct corporation and, allegedly, pursuant to Indiana law, "Central Steel lacks the capacity to be sued and should therefore be dismissed from this . . . action."  Def. Motion at 6.  Scottsdale claims that under Indiana law, because Central Steel was administratively dissolved in 2008, it can no longer be sued.  This argument completely ignores the Indiana Business Corporations Law, which provides that a corporate dissolution does not "[p]revent commencement of a proceeding by or against the corporation in its corporate name." IND. CODE 23-1-45-5(b)(5); *see also* PAUL J. GALANTI, 20 INDIANA PRACTICE, BUSINESS ORGANIZATIONS § 44.7 (2009) (noting that dissolution does not "impair any remedy of or against the corporation . . . for any liabilities incurred by the corporation before its dissolution if suit was brought within two years after the date of such dissolution.").   In short, Scottsdale's argument that Central Steel should be dismissed solely because it is a defunct corporation is unpersuasive.

Scottsdale's latter argument, that Central Steel should be dismissed because it is a defunct corporation that was the subject of a, now closed, receivership with a bar order, is significantly stronger.  There is little Indiana case law on this topic; however, *McFarlan v. Fowler Bank City Trust Co.*, 12 N.E.2d 752, 754 (Ind. 1938), the court held that it was not an abuse of discretion for a court to refuse to allow a creditor to file a claim after the bar date.  The court emphasized that the creditor had sat on his rights for more than eighteen months and had missed the bar date by almost one full year.  *Id*.

In addition, courts dealing with receiverships consistently find that "claims in a receivership proceeding must be presented for approval to the court in which the proceedings are

3

pending; otherwise they will be disallowed."  WILLIAM MEADE FLETCHER, 16 FLETCHER

CYCLOPEDIA OF THE LAW OF CORPORATIONS § 7898 (Carol A. Jones ed., 2005).  The

receivership court has the authority, and the responsibility, to set the last date on which claims

can be filed (i.e. the bar date).  *Id.* § 7900.  "Courts have reasoned that the time bar is

indispensable to the just administration and distribution of the receivership property."  *Id*. §

7900.10  "The so-called bar . . . also serves the purpose of protecting the receiver in making

distribution without regard to possible claims of creditors who have failed to file them."  *Id*.  A

creditor who does not file its claim prior to the bar date "may be precluded from sharing in the

distribution absent a valid excuse for the delay."  FLETCHER CYCLOPEDIA § 7900.10.

 In the instant case, the Boone County Superior Court set the bar date as August 15, 2008.

*See* Pl. Ex. 8, ¶ 3.  Amerisure did not file notice of its claim prior to the bar date.  Further,

Amerisure also failed to come forward before the receivership property was distributed.  This

dooms Amerisure's claims against Central Steel.  Although courts have discretion to allow late

claims, such claims are generally only allowed when "the claimant offers a reasonable excuse for

the delay, if other claimants will not be prejudiced by such claims, and if there are sufficient

funds to pay the claims."  FLETCHER CYCLOPEDIA § 7900.20.  "*After final distribution of the*

*assets has taken place, however, courts generally will not allow the filing of late claims.*"  *Id*.

(emphasis added).  This is the situation facing Amerisure – it failed to present its claims prior the

bar date and now, after the receivership property was distributed, and after Central Steel was

dissolved, Amerisure attempts to assert a claim against Central Steel.  Having failed to speak up

prior to either the bar date or the distribution date, Amerisure is simply too late.  Accordingly, its

claims against Central Steel are **DISMISSED**.

The Court notes, however, that this does not prevent Amerisure from proceeding against

Central Steel's insurer, Scottsdale, to enforce the funding agreement.  Thus, while Central Steel

is no longer a party to this litigation, Scottsdale and National Surety remain Defendants.

## CONCLUSION

For the reasons stated herein, the Defendant's Motion to Dismiss (Docket No. 20) is

**GRANTED**.  The Plaintiff's Motion for Entry of Default (Docket No. 36) is **DENIED AS**

**MOOT**.

SO ORDERED:     03/08/2010


_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana


Copies to:

Eldon Edson
Selman Breitman, LLP
eedson@selmanbreitman.com

Derek Leonard Mandel
Mandel Horn McGrath & Reynolds, P.C.
dmandel@mhmrlaw.com

Stephen J. Peters
Harrison & Moberly
speters@h-mlaw.com

Jan L. Pocaterra
Selman Breitman, LLP
jpocaterra@selmanbreitman.com

Laura Sue Reed
Riley Bennett & Egloff LLP
lreed@rbelaw.com

David I. Rubin
Harrison & Moberly
drubin@h-mlaw.com